# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHIEF GATHERING LLC<br><br>    Plaintiff,<br><br>    v.<br><br>WILLIAM E. WATKINS, PATRICIA WATKINS, SCOTT WATKINS, KELLEY WATKINS, JEFFREY DICKSON, and JOANN DICKSON,<br><br>    Defendants As To All Claims,<br><br>TUULA T. D'ANCA, PATRICK E. DOUGHERTY, PATRICIA DOUGHERTY<br><br>    Defendants As to Declaratory Judgment Action Only. | CIVIL ACTION NO. 3:11-cv-1760<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before the Court is the Plaintiff's Motion for Expedited Hearing and Review of its Declaratory Judgment Action (Doc. No. 20).  However, because the Amended Complaint fails to adequately plead the existence of subject matter jurisdiction, the action will be dismissed unless the Plaintiff timely amends.

## I. Background

Plaintiff originally filed this action on September 22, 2011, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332.  The First Amended Complaint alleges that:

> Plaintiff Chief Gathering LLC (hereinafter "Chief Gathering" or "Plaintiff") is a Texas limited liability company having its principal place of business at 5956 Sherry Lane, Dallas, Texas 75225. Chief Gathering is a natural gas gathering company maintaining its corporate headquarters in Dallas, Texas.  Chief Gathering's officers are also located in Dallas, Texas, where those officers

direct, control and coordinate Chief Gathering's daily activities.

(Doc. 4 at ¶ 1).

## II. Analysis

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Plaintiff alleges that the Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332.  Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states.  In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* FED R. CIV. P. 12(h)(3).

### 1. Citizenship of the Plaintiff

Plaintiff's Complaint fails to demonstrate the requirements of federal subject matter

jurisdiction as it insufficiently alleges the citizenship of the Plaintiff limited liability corporation. Specifically, the Complaint declares that Chief Gathering "is a Texas limited liability company having its principal place of business at 5956 Sherry Lane, Dallas, Texas 75225." (Doc. 4 at ¶ 1). These are the necessary averments to determine the states of citizenship of a corporation. *See* 28 U.S.C. § 1332(c)(1). However, LLC denotes not a corporation, but a limited liability corporation, and "the citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) (quoting *Chapman v. Barney*, 129 U.S. 677, 682 (1889)) (affirming the "oft-repeated rule that diversity jurisdiction in a suit by or against [an artificial] entity depends on the citizenship of 'all the members'"); *see also* 1 Fed. Proc., L. Ed. § 1:176 (2011) (acknowledging that a "limited liability company is a citizen, for purposes of diversity jurisdiction, of each state where its members are citizens.").

Moreover, the fact that the officers who direct, control and coordinate Chief Gathering are located in Texas does not alter the above analysis. While this information may be useful in substantiating Chief Gathering's principal place of business if it were a corporation, it does not sufficiently indicate the citizenship of all of its members.

As the complaint fails to allege facts regarding the citizenship of the Plaintiff, the Court cannot determine whether complete diversity of citizenship exists between the parties and the case is subject to dismissal. However, pursuant to 28 U.S.C. § 1653, Plaintiff will be permitted to adequately allege its citizenship and thereby show the Court that it can properly exercise subject matter jurisdiction. *See USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 204 (3d Cir. 2003) (noting that Section 1653 gives district courts "the power to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts.").

### III. Conclusion

The Amended Complaint fails to show the existence of subject matter jurisdiction. However, the Plaintiff will be given an opportunity to further amend and demonstrate that diversity of citizenship jurisdiction exists. Plaintiff will be given twenty-one (21) days in which to file a newly-amended complaint. Failure to do so will result in this action being dismissed. An appropriate order follows.

 October 3, 2011                                         /s/ A. Richard Caputo

Date                                                     A. Richard Caputo
                                                         United States District Judge

Case 3:11-cv-01760-ARC   Document 25   Filed 10/03/11   Page 5 of 5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHIEF GATHERING LLC<br><br>  Plaintiff,<br><br>  v.<br><br>WILLIAM E. WATKINS, PATRICIA WATKINS, SCOTT WATKINS, KELLEY WATKINS, JEFFREY DICKSON, and JOANN DICKSON,<br><br>  Defendants As To All Claims,<br><br>TUULA T. D'ANCA, PATRICK E. DOUGHERTY, PATRICIA DOUGHERTY<br><br>  Defendants As to Declaratory Judgment Action Only. | NO. 3:11-CV-1760<br><br>(JUDGE CAPUTO) |

## **ORDER**

**NOW**, this 3rd day of October, 2011, **IT IS HEREBY ORDERED** that the Plaintiff is given leave to file an amended complaint within twenty-one (21) days from the date of this order. If the Plaintiff fails to do so, the action will be dismissed.

   /s/ A. Richard Caputo

A. Richard Caputo
United States District Judge